**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| TIAGO SOUSA MARTINS, *Petitioner*, v. NEY HIDALGO, *et al.*, *Respondents*. | ) ) ) ) ) ) ) ) | 1:26-cv-1992 (PTG/LRV) |

**ORDER**

This matter comes before the Court on Petitioner Tiago Sousa Martins' Amended Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 5. Petitioner is a citizen of Portugal, who entered the United States without inspection in 2008. *Id.* ¶¶ 2, 18. According to the Petition, on or about December 24, 2025, Petitioner was arrested after being approached by Immigration and Customs Enforcement ("ICE") Officials. *Id.* ¶ 2. During the arrest, Petitioner was shot "multiple times, causing wounds in his chest and legs, a collapsed lung, a fractured rib, and bullet fragments the remain lodged in his back." *Id.* Petitioner has since been detained at the Caroline Detention Center in Virginia, which is within this Court's jurisdiction. *Id.* ¶ 3. Petitioner now brings suit against Ney Hidalgo, Warden of the Caroline Detention Center, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 19-22; 80-117. Respondents concede that "Petitioner's detention is governed by 8 U.S.C. § 1226(a)." Dkt. 11 at 1. Upon consideration of the Amended Petition (Dkt. 5) and Respondents' Response (Dkt. 11), the Court concludes that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

The Court agrees with Respondents that Petitioner is not "seeking admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). Rather his detention is governed by 8 U.S.C. § 1226(a). This Court rejects Respondents' assertion that Petitioner is merely entitled to

"a bond hearing [that] adhere[s] to the constitutional bond procedures outlined in Title 8 of the Code of Federal Regulations, rather than . . . immediate release." Dkt. 11 at 2-3. Given that Respondent's themselves concede that Petitioner's detention falls within the ambit of 8 U.S.C. § 1226(a), immediate release is an appropriate remedy.

The Petition alleges, and Respondents do not dispute, that Petitioner has continuously resided in the United States since his entry into the country in 2008.[1] Dkt. 5 ¶ 2. Accordingly, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 5) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order.[2] Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); and it is further

[1] Additionally, Respondents do not raise any issue of criminal history that should preclude Petitioner's request for immediate release.

[2] When Petitioner files a notice of his fixed address, he should make such filing under seal.

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 8th day of September, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge